**FREDERICK WILLIAMS and SYLVIA WILLIAMS on behalf
of NEAL WILLIAMS, their minor child, and on behalf of
themselves, Plaintiffs**

v.

**FREDERICK VIALET, AS ADMINISTRATOR FOR THE
ESTATE OF OLIVER A. WEBSTER, ELLECIA WEBSTER
and OLIVE MEDINA WEBSTER WILLIAMS, Defendants**

Civil No. 77-95

District Court of the Virgin Islands

Div. of St. Thomas and St. John

March 25, 1982

CHRISTIAN, *Chief Judge*

## FINDINGS OF FACT
## AND
## CONCLUSIONS OF LAW

This case is before the Court on cross-motions for summary judgment on the third count of plaintiffs' second amended complaint. Fed. R. Civ. P. 56. By that Count, plaintiffs assert a cause of action in accordance with 28 V.I.C. §§ 171–176 and §§ 201–212 to set aside a conveyance of real property alleged to have been made by the defendant (now deceased) Oliver A. Webster "with the intent to defraud" judgment creditors. After giving careful consideration to the pleadings and the memoranda submitted by the parties, the Court finds as follows:

1. The accident involving Neal Williams and Oliver Webster which forms the basis of this action occurred on February 27, 1975.

2. On December 15, 1975, Oliver Webster conveyed certain real property described as Lot Number 21 of Parcel Number 3 Estate Bovoni to his daughters Olive Medina Webster and Ellecia Webster. The conveyance was made in return for nominal consideration of $10.00.

3. Under the terms of the deed of conveyance, the transferor, Oliver Webster retained a life estate in the subject property.

4. This conveyance greatly reduced the assets and the estate of Oliver Webster, so that the value of his estate was less than the amount required to satisfy a probable civil judgment.[1]

5. On April 11, 1977, the above captioned action was commenced.

■ 6. In order for a conveyance to be set aside as being in fraud of a judgment creditor under the terms of the Uniform Fraudulent Conveyance Act (which the legislature of the Virgin Islands has adopted and codified at Title 28 §§ 201 to 212) the following four requirements must be met:

a. There must be an actual conveyance of property or assets by the debtor;

b. The transfer is made while a suit is pending or in anticipation of a lawsuit "without regard to [the transferor's] actual intent..." 28 V.I.C. § 204;

c. The transfer must render the transferor insolvent or greatly reduce his estate so that "the present fair salable value of his assets is less than the amount that will be required to pay his probable liability..." 28 V.I.C. § 202(1); and

d. The transfer or obligation is received for less than fair consideration.

■ 7. In the present case it is undisputed that the conveyance of property was made by the defendant Oliver Webster subsequent to the date of the accident which gave rise to this negligence action, and under circumstances where it can be inferred that the transfer was made in anticipation of the lawsuit.

■ 8. Inasmuch as the Fraudulent Conveyance Act does not require that fraud be established by direct evidence, the factual issue of fraud is commonly determined by certain recognized indicia or "badges" of fraud. 37 Am.Jur.2d Fraudulent Conveyances, §§ 10–14 (1968). "Where badges of fraud are shown, it is a well-settled rule

---

[1] Defendants argue that they are entitled to summary judgment on the basis of plaintiffs' failure to allege that the challenged conveyance rendered the decedent "insolvent." However, the test of insolvency under 28 V.I.C. § 202 is not whether the conveyance rendered the transferor absolutely "judgment proof," but rather, whether it so reduced his estate so that "the present value of his assets is less than the amount that will be required to pay his probable liability . . . ." Indeed, a conveyance made with "actual intent" to hinder, delay or defraud creditors may be set aside without a showing of insolvency. See, e.g., McConnico v. Third National Bank in Nashville, 499 S.W.2d 874, 887 (Tenn. 1973); Cooper v. Cooper, 168 Cal. App. 2d 326, 335 P.2d 983, 989 (1959).

that the burden shifts to the [parties seeking to uphold the transfer] and [they] must rebut the inferences thereby created and sustain the bona fides of the transaction." Pergrem v. Smith, 225 S.W.2d 42 at 44 (Ky. Ct. App. 1953).

9. Among the recognized indicia of fraud is a transfer of property made "in anticipation of a suit that is likely to be filed against" the transferor. Pergrem v. Smith, id. at 44. While a stronger inference or even presumption of fraud can be made where the conveyance occurs pendente lite, a transfer made prior to the initiation of an action against the transferor where the threat of litigation exists is, nevertheless, to be considered one "badge" of fraud. Ebey—McCauley Co. v. Smith, 353 P.2d 23, 28 (Ok. 1960) (application of pre-Uniform Act statute).

10. Another "badge" or inference of the requisite intent to defraud exists where the challenged conveyance was voluntary (or made for less than fair consideration) and made between family members. The "fact of a transfer within the family calls for fuller and stricter proof of consideration . . . . The relationship of parent and child when coupled with other suspicious circumstances may be sufficient to raise an inference of fraud in the conveyance. Johnson v. Drew, 32 Cal. Rptr. 540 at 544, quoting 12 Cal. Jur. 974 § 15 (Cal. Ct. App. 1963) (applying Uniform Fraudulent Conveyance Act). An intra-family transfer made for less than valuable or fair consideration provides a further inference of fraud. See, Roddam v. Martin, 235 So.2d 654 (Ala. 1970).

11. The recognized indicia of fraud where conveyances are attacked as fraudulent also include "any reservation of benefit to transferor." 37 Am.Jur.2d, supra at § 27. "Indeed, it has been said that no effort of a debtor to hinder or delay his creditors is more severely condemned by law than an attempt to place his property where he can enjoy it and at the same time require his creditors to await his pleasure for the payment of their claims out of it." Id. The reservation of a life interest by the grantor in the present case, falls squarely within the scope of the above quoted rule.

## CONCLUSION

12. The facts and circumstances set forth above including the transfer of property in anticipation of probable litigation, the voluntary and intra-family nature of the transaction and the retention of an interest in the property by the grantor clearly established a prima facie cause of fraud thus shifting to the defendants the

burden of proving that the challenged conveyance was not fraudulent. Defendants have failed to meet that burden. Although defendants have filed no affidavits, we assume for the sake of this discussion that affidavits had been filed setting forth the details of the offer of proof made by counsel for defendants in open court, and the factual matters stated in the memorandum submitted on behalf of defendants as well. Even so the relevant assertions fail to reveal any genuine issue of material fact. Plaintiffs are entitled to the entry of summary judgment on the third cause of action of their complaint. We conclude that the deed of conveyance dated December 15, 1975, is in accordance with 28 V.I.C. §§ 172–176 and §§ 201–212, void and the property therein sought to be conveyed should be declared to be a part of the Estate of Oliver Webster, deceased, Probate No. 49-1979, docketed in the Territorial Court of the Virgin Islands, Division of St. Thomas and St. John. Judgment shall be entered in accordance with the foregoing.