**ROLAND SAINTIL, Plaintiff,**

**v.**

**LILIANE ARMAND, YANICK ARMAND, MAGLIE ARMAND, CARLINE ARMAND, and MARY ARNELLE ARMAND, Defendants**

Civ. No. 639/1994

Territorial Court of the Virgin Islands

Div. of St. Croix

May 6, 1996

Lee J. Rohn, Esq., (Law Offices of Rohn & Cusick), Christiansted, St. Croix, U.S.V.I., *for Plaintiff Defendants, Pro Se*

ROSS, *Judge*

## MEMORANDUM OPINION and ORDER

THIS MATTER came before the Court on March 28, 1996 on a hearing for a money judgment by default against the defendants on the grounds that a post judgment transfer of funds from Daniel Armand, a judgment debtor, to the defendants was fraudulent and a direct attempt to avoid the satisfaction of the judgment and to defraud plaintiff. Plaintiff therefore asks the court to void the transfer to the defendants and order that the January 14, 1992, judgment be satisfied by the defendants from the funds transferred.

### FACTS

A review of the pleadings, supporting documents and evidence presented in this case reveals that on January 14, 1992, Plaintiff obtained a judgment against Daniel Armand in the amount of $4,519.90 plus costs. Subsequent to the judgment, Mr. Armand received a lump sum payment of $42,000.00 from the Virgin Islands Telephone Company and transferred said funds to his ex-wife, Liliane Armand, and his four (4) daughters, Yanick Armand, Maglie Armand, Carline Armand and Mary Arnelle Armand, the defendants. According to Mr. Armand, the transfer to his ex-wife was in satisfaction of an outstanding obligation. Each daughter received $5,000.00 as a gift. Mr. Armand has been unable to satisfy plaintiff's judgment.

### Legal Standard

██ In the Virgin Islands every conveyance made by a person who is insolvent is fraudulent as to creditors without regards to his actual intent if the conveyance is made without a fair consideration. Title 28 V.I.C. § 204. A person is insolvent when the present fair salable value of his assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured. Title 28 V.I.C. § 202(1). "Fair Consideration" is given when in exchange for such property, an antecedent debt is satisfied. Title 28 V.I.C. § 203. Where a conveyance is fraudulent as to a creditor, such creditor, when his claim has matured, may as against any person, except a purchaser for fair

consideration without knowledge of the fraud at the time of the purchase, have the conveyance set aside to the extent necessary to satisfy his claim. Title 5 V.I.C. § 209. However, a conveyance will not be set aside in the absence of proof of intent to hinder, delay, or defraud, by the commonly accepted badges of fraud. 37 Am Jur 2d, Fraudulent Conveyances § 10-14. See also: *American Casualty Co. v. Line Materials Industries*, 332 F.2d 393 (C.A. 10th N.M. 1964).

■■ Certain circumstances so frequently attend conveyances or transfers to defraud creditors that they are recognized as badges or indicia of fraud. *Williams v. Vialet*, 19 V.I. 70 (Terr. Ct. St.T & St.J. 1982). Stated differently, badges or indicia of fraud are accompanying circumstances tending to excite suspicion and distress to the bona fides of a challenged transfer, which standing unexplained, may warrant an inference of fraud. *First National Bank in Albuquerque v. Abraham*, 639 P.2d 575 (N.M. 1982). Among the generally recognized badges of fraud is the insolvency or indebtedness of the transferor, lack of consideration for the conveyance, relationship between the transferor and the transferee, and the pendency or threat of litigation. *Castorina v. Herrmann*, 104 SW2d 297 (Mo. 1937). Where badges of fraud are shown, the burden shifts to the party seeking to uphold the transfer. *Williams* at 73. Citing *Pergrem v. Smith*, 225 S.W.2d 42 (Ky. Ct. App. 1953).

### CONCLUSION

■ The facts and circumstances set forth above, including the transfer of funds after plaintiff obtained judgment against Daniel Armand and before the satisfaction of plaintiff's judgment, the voluntary and intra family nature of the transaction, the lack of consideration for the transfer to the daughters and the continuing inability of defendants to satisfy the outstanding judgment clearly establish a prima facie case of a transfer to defraud creditors. The burden of proving that the challenged conveyance was not fraudulent therefore shifted to the defendants whose transfers were made without fair consideration. After being properly served in this matter, each defendant has failed to appear or otherwise defend. The premises having been considered, it is hereby

ORDERED, ADJUDGED and DECREED that plaintiff recover from defendants Yanick Armand, Maglie Armand, Carline

Armand and Mary Arnelle Armand, jointly and severally, the sum of $4,519.90.00; plus interest to the date hereof of $1,749.16 plus costs of $639.65 and attorney's fees of $831.25, for a total of $8,639.96; *provided however*, that no one defendant shall be liable for more than $5,000.00;

ORDERED, ADJUDGED and DECREED that the complaint against Liliane Armand is DISMISSED with prejudice.